AARON D. FORD
  Attorney General
Jessica E. Whelan (Bar No. 14781)
  Chief Deputy Solicitor General—
  Litigation
Sabrena K. Clinton (Bar No. 6499)
  Senior Deputy Attorney General
State of Nevada,
  Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3773 (fax)
jwhelan@ag.nv.gov
sclinton@ag.nv.gov

**ANDERSEN BEEDE WEISENMILLER**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: ryan@*abwfirm.com*
Mark M. Weisenmiller, Esq.
Nevada Bar No. 12128
Email: *mark@abwfirm.com*
3199 E Warm Springs Rd., Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax: 702-825-2824

*Attorneys for Mike Dreitzer, George Assad, Chandeni K. Sendall, Nevada Gaming Control Board, Jennifer Togliatti, Rosa Solis-Rainey, Brian Krolicki, George Markantonis, Nevada Gaming Commission, and Aaron D. Ford*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBINHOOD DERIVATIVES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MIKE DREITZER, in his official capacity as Chairman of the Nevada Gaming Control Board, et al.<br><br>Defendants. | Case No. 2:25-cv-01541-APG-DJA |

**NEVADA DEFENDANTS' ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF**

Mike Dreitzer, George Assad, Chandeni K. Sendall, Nevada Gaming Control Board, Jennifer Togliatti, Rosa Solis-Rainey, Brian Krolicki, George Markantonis, Nevada Gaming Commission, and Aaron D. Ford (collectively, "**Defendants**"), by and through their counsel of record, the State of Nevada, Office of Attorney General, and Andersen Beede Weisenmiller, hereby submit their answer

("**Answer**") to the *Complaint for Permanent Injunction and Declaratory Relief* [Dkt. No. 1],[1] filed by Robinhood Derivatives, LLC ("**Plaintiff**") on August 19, 2025, as follows:

## NATURE OF THE ACTION

1. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

2. This paragraph purports to quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document. Defendants admit the remaining allegations of this paragraph.

3. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

4. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

5. Defendants admit that the Board met with Robinhood on or about May 6, 2025, Robinhood explained that it believed it should be able to offer sports-related event contracts trading through Kalshi's exchange for as long as this Court's order in KalshiEx remains in effect, the Board employees indicated they did not expect to be able to agree to refrain from enforcement action against Robinhood, even while the KalshiEx order is in place, and stated that they would contact Robinhood if they ultimately reached a different conclusion, and to date, they have not done so. As to the remaining allegations, they contain legal conclusions that require no response, but to the extent they do, Defendants deny.

6. This paragraph purports to quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document. Defendants admit the remaining allegations of this paragraph.

7. Defendants lack knowledge sufficient to form a belief about the truth of the allegations

---

[1] When used herein, all references to "**Dkt. No.**" are to the numbers assigned to the documents filed in the case as they appear on the docket in the above-captioned case, denominated Case No. 2:25-cv-01541-APG-DJA. All references to "**FRCP**" are to the Federal Rules of Civil Procedure. All references to "**FRE**" are to the Federal Rules of Evidence. All references to "**Local Rule**" are to the Local Rules of Practice for the United States District Court for the District of Nevada.

of this paragraph and therefore deny the same.

8. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

**PARTIES**

9. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

10. Defendants admit the allegations of this paragraph.

11. Defendants admit the allegations of this paragraph.

12. Defendants admit the allegations of this paragraph.

13. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

14. Defendants admit the allegations of this paragraph.

15. Defendants admit the allegations of this paragraph.

16. Defendants admit the allegations of this paragraph.

17. Defendants admit the allegations of this paragraph.

18. Defendants admit the allegations of this paragraph.

19. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

20. Defendants admit the allegations of this paragraph.

**JURISDICTION AND VENUE**

21. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

22. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

23. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

24. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

**RELEVANT FACTS**

**A.  Event Contracts.[2]**

25. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

26. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

27. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

**B.  Robinhood Makes Available Certain Kalshi Event Contracts.**

28. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

29. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

30. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.[3]

31. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

**C.  The Commodity Exchange Act and the Commodity Futures Trading Commission.**

32. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

33. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

---

[2] To the extent that any headings or subheadings contained within Plaintiff's Complaint could be construed as allegations supporting its requested relief, Defendants deny any and all such allegations contained therein.

[3] In answering footnote 1 of Paragraph 30 of the Complaint, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

34. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

35. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

36. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

37. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

38. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

39. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

40. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

41. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

**D.    The Letters from the Board and Kalshi's Preliminary Injunction.**

42. This paragraph purports to quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document. Defendants admit the remaining allegations of this paragraph.

43. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, this paragraph purports to quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document. Defendants admit the remaining allegations of this paragraph.

44.   Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

45.   Defendants admit that the Board met with Robinhood on or about May 6, 2025, Robinhood explained that it believed it should be able to offer sports-related event contracts trading through Kalshi's exchange for as long as this Court's order in KalshiEx remains in effect, the Board employees indicated they did not expect to be able to agree to refrain from enforcement action against Robinhood, even while the KalshiEx order is in place, and stated that they would contact Robinhood if they ultimately reached a different conclusion, and to date, they have not done so. As to the remaining allegations, Defendants deny.

46.   This paragraph purports to quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document. Defendants admit the remaining allegations of this paragraph.

47.   Defendants admit the allegations of this paragraph.

**E.   The CEA Preempts Application of State Gaming Laws to Sports-Related Event Contract Trading on CFTC-Designated Exchanges.**

48.   The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

49.   The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

50.   The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

51.   The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

52.   The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

53.   The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

54. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

55. Defendants deny the allegations of this paragraph.

56. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

57. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

58. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

59. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

60. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

61. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

62. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

**F.    The CEA's Preemption of State Gaming Laws as Applied to Sports-Related Event Contracts Includes Those Opened and Traded Through Robinhood's Platform**

63. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

64. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

65. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

66. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

### G. Robinhood Has Suffered Irreparable Harm and Will Continue to Suffer Irreparable Harm Without Injunctive Relief.

67. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

68. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

69. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

70. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

71. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

72. Defendants admit that Plaintiff seeks declaratory and injunctive relief restraining Defendants from enforcing Nevada law with respect to Plaintiff's offering of sports-related event contracts traded on a DCM. Defendants deny there is an imminent likelihood that Defendants will violate the Supremacy Clause and Plaintiff will suffer irreparable harm.

## COUNT I

### (Supremacy Clause – Preemption By Commodity Exchange Act)

73. Defendants incorporate all prior paragraphs by reference.

74. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants admit the allegations of this paragraph.

75. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

76. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

77. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

78. Defendants deny the allegations of this paragraph.

79. Defendants deny the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to properly name the State of Nevada pursuant to NRS 41.031(2) and therefore is void ab initio for failure to invoke the subject matter jurisdiction of this Court.

2. Plaintiff failed to effectuate proper service on Defendants pursuant to NRS 41.031(2).

3. The Complaint fails to state a claim upon which relief can be granted.

4. Plaintiff's claim is barred, in whole or in part, by Eleventh Amendment immunity.

5. Plaintiff's claim is barred, in whole or in part, by official act immunity.

6. Plaintiff's claim is barred, in whole or in part, by discretionary act immunity.

7. Plaintiff's claim is barred by the Tenth Amendment.

8. Plaintiff's claim is barred by the doctrine of judicial estoppel. Plaintiff benefited from contrary positions raised in other forums.

9. Plaintiff's claim is barred by the doctrine of unclean hands. Plaintiff relied upon Kalshi's self-certified gaming event contracts while possessing the actual knowledge that they were based on gaming and prohibited by the CEA and CFTC regulations, including 7 C.F.R. § 40.11(a), and while possessing the actual knowledge that gaming event contracts are traditionally and properly the subject of state regulation, all in a purposeful effort to circumvent and evade such state regulation. Despite this, Plaintiff, while in possession of this knowledge, nevertheless inequitably began offering these contracts in the state and then brought Defendants to Court seeking injunctive relief to ignore those state regulations and to substantially delay or remove entirely Nevada's traditional and proper ability to regulate Plaintiff's activity and the activity of those similarly situated.

10. Plaintiff cannot show that it will suffer irreparable harm.

11. Plaintiff cannot show that the balance of hardships or equities favors Plaintiff.

12. Plaintiff cannot show that an injunction is in the public interest.

13. Plaintiff has failed to mitigate any alleged harm. Plaintiff was aware when it chose to enter the sports-betting market of the risk that the State of Nevada would exercise its traditional police

1 powers to regulate gaming and would enforce its gaming laws. Plaintiff has not taken any steps to
2 avoid these consequences or to ameliorate the harms that it alleges it will suffer if state law is applied
3 to regulate its sports-betting activities. For example, Plaintiff could have applied for a gaming license
4 with the state to offer sports-betting products, as has every other licensee that is currently legally
5 offering sports-betting products, but it purposefully failed to do so. Moreover, upon information and
6 belief, Plaintiff has not reasonably evaluated the extent to which it can simultaneously comply with
7 both Nevada law and Federal law, instead opting for an unreasonable all-or-nothing approach.

8     14.    Congress did not intend to preempt state gaming laws with the enactment of the
9 Commodity Exchange Act.

10     15.    Nevada State Gaming Laws do not conflict with the Commodity Exchange Act.

11     16.    The presumption against preemption in areas traditionally regulated by the states bars
12 Plaintiff's claim.

13     17.    Defendants incorporate and assert any and all affirmative defenses advanced by
14 Intervenors in this action.

15     18.    All possible affirmative defenses may not have been alleged herein insofar as sufficient
16 facts were not available for Defendants after reasonable inquiry, and, therefore, Defendants reserve the
17 right to amend their Answer to allege additional affirmative defenses if subsequent investigation so
18 warrants.

19 …
20 …
21 …
22 …
23 …
24 …
25 …
26 …
27 …

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request:

1. That Plaintiff takes nothing by way of the Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice; and

3. For such other and further relief as this Court deems just and proper.

Dated this the 19th day of November 2025.

**ANDERSEN BEEDE WEISENMILLER**

By: */s/ Mark M. Weisenmiller*
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: ryan@*abwfirm.com*
Mark M. Weisenmiller, Esq.
Nevada Bar No. 12128
Email: *mark@abwfirm.com*
3199 E Warm Springs Rd., Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax: 702-825-2824

AARON D. FORD
  Attorney General
Jessica E. Whelan (Bar No. 14781)
  Chief Deputy Solicitor General—
  Litigation
Sabrena K. Clinton (Bar No. 6499)
  Senior Deputy Attorney General
State of Nevada,
  Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3773 (fax)
jwhelan@ag.nv.gov
sclinton@ag.nv.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 19, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                */s/ Melissa Rodriguez*
                An employee of Andersen Beede Weisenmiller