UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBINHOOD DERIVATIVES, LLC,<br><br>    Plaintiff<br><br>v.<br><br>MIKE DREITZER, et al.,<br><br>    Defendants | Case No.: 2:25-cv-01541-APG-DJA<br><br>**Order Denying Motion for Temporary Restraining Order**<br><br>[ECF No. 7] |

    Plaintiff Robinhood Derivatives, LLC is registered with the Commodity Futures Trading Commission (CFTC) as a futures commission merchant (FCM). In March 2025, Robinhood started allowing its customers to trade in sports wagers listed on non-party KalshiEX, LLC's (Kalshi) CFTC-designated contract market (DCM) through their Robinhood accounts. Robinhood ceased that activity for Nevada customers after the Nevada Gaming Control Board issued a press release stating that the Board had sent Kalshi a cease-and-desist letter. The Board also sent Robinhood a letter stating that the Board would consider it a violation of Nevada gaming law if Robinhood allowed Nevada customers to trade sports-related event contracts on Kalshi's exchange. Although Robinhood terminated Nevada residents' ability to trade on those contracts for several months, Robinhood again started allowing Nevada customers to enter into those contracts in August 2025.

    Robinhood then brought this lawsuit against the Board and its members in their official capacities, the Nevada Gaming Commission and its members in their official capacities, and the Nevada Attorney General (collectively, the Board) seeking declaratory and injunctive relief. Robinhood asserts that the CFTC has exclusive jurisdiction over the contracts traded on Kalshi's exchange, so the Board cannot enforce Nevada state law against Kalshi or Robinhood.

1    Robinhood now moves for a temporary restraining order (TRO) to preclude the Board from pursuing Robinhood for civil or criminal penalties under Nevada law based on Robinhood allowing its Nevada customers to place trades for sports-related event contracts on Kalshi's exchange. The Board opposes, arguing that Kalshi's sports wagers do not fall within the statutory provision Robinhood relies on to invoke the CFTC's exclusive jurisdiction and that the CFTC's jurisdiction is not exclusive in any event. The parties also dispute whether Robinhood will suffer irreparable harm in the absence of a restraining order, as well as whether the balance of hardships and the public interest support or weigh against a restraining order.

To qualify for a TRO, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, a plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

I deny Robinhood's motion for temporary restraining order because Robinhood has not met its burden of showing it is likely to succeed on the merits of its claims. My reasons are detailed in my similar orders in *North American Derivatives Exchange, Inc. v. Nevada Gaming Control Board,* Case No. 2:25-cv-00978-APG-BNW, 2025 WL 2916151 (D. Nev. Oct. 14, 2025) and *KalshiEX, LLC v. Hendrick* (the *Kalshi* case), Case No. 2:25-cv-00575-APG-BNW, ECF No. 237.

Although Robinhood has shown serious questions on the merits, it has not met its burden to show that the balance of hardships tips sharply in its favor or that the public interest favors a

2

TRO. Robinhood's concerns are essentially that it will not be able to profit from the trades, and that it will suffer some reputational harm if it cannot offer those contracts to Nevada residents or must close out contracts involving Nevada residents. Robinhood initially did not offer its Nevada customers the option of trading on Kalshi's exchange after the Board announced that it sent Kalshi a cease-and-desist letter. ECF No. 8 at 3. Robinhood apparently made a business decision to again open trades to Nevada customers in August 2025. *Id.* at 4. Robinhood thus has in a very real sense created its own harm if shutting down that business injures Robinhood's reputation. The CFTC has recently directed FCMs like Robinhood to warn customers about the various lawsuits and the risks those pose. CFTC Letter No. 25-36 (Sept. 30, 2025). As a result, Robinhood's customers are on notice that offering gaming contracts is contrary to the CFTC's regulation at 17 C.F.R. § 40.11(a) and that the legal landscape under which Kalshi and Robinhood have been operating could change depending on court rulings in the various lawsuits. If customers continued trading in Kalshi's products through Robinhood, they, like Robinhood and Kalshi, were proceeding at their own risk.

      Robinhood's harms are largely monetary. That harm can be mitigated through geofencing, which regulated entities in this jurisdiction employ. Robinhood may not be able to recover damages from the defendants if it later turns out that Robinhood can offer these contracts without violating Nevada law. But when balanced against the defendants' interests, the balance of hardships does not tip sharply in Robinhood's favor and the public interest does not support a TRO, again for the reasons I explained in *Kalshi*. I therefore find that the balance of hardships does not tip sharply in Robinhood's favor. Rather, the balance of hardships and the public interest weigh in favor of denying the temporary restraining order, so I deny Robinhood's motion.

### III. CONCLUSION

I THEREFORE ORDER that plaintiff Robinhood Derivatives, LLC's motion for temporary restraining order **(ECF No. 7) is DENIED**.

DATED this 25th day of November, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE