**ANDERSEN BEEDE WEISENMILLER**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@abwfirm.com*
Mark M. Weisenmiller, Esq.
Nevada Bar No. 12128
Email: *mark@abwfirm.com*
3199 E Warm Springs Rd., Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax: 702-825-2824

AARON D. FORD
    Attorney General
Jessica E. Whelan (Bar No. 14781)
    Chief Deputy Solicitor General-Litigation
Sabrena K. Clinton (Bar No. 6499)
    Senior Deputy Attorney General
State of Nevada,
    Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3773 (fax)
jwhelan@ag.nv.gov
sclinton@ag.nv.gov

*Attorneys for Nevada Defendants*

Todd L. Bice, Esq., Bar No. 4534
tlb@pisanellibice.com
**PISANELLI BICE PLLC**
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: (702) 214-2100
Facsimile: (702) 214-2101

Kevin J. Orsini (pro hac vice)
korsini@cravath.com
Antony L. Ryan (pro hac vice)
aryan@cravath.com
Brittany L. Sukiennik (pro hac vice)
bsukiennik@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff*

Adam Hosmer-Henner (NSBN 12779)
A.G. Burnett (NSBN 5895)
Jane Susskind (NSBN 15099)
Katrina Weil (NSBN 16152)
Thaddeus C. Houston (NSBN 17215)
**MCDONALD CARANO LLP**
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
ahosmerhenner@mcdonaldcarano.com
agburnett@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com
kweil@mcdonaldcarano.com
thouston@mcdonaldcarano.com

*Attorneys for Intervenor-Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBINHOOD DERIVATIVES, LLC, | Case No. 2:25-cv-01541-APG-DJA |

1                       Plaintiff,

2   vs.

**AMENDED JOINT DISCOVERY PLAN & SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26(f)(3) AND LR 26-1**

3   MIKE DREITZER, in his official capacity as Chairman of the Nevada Gaming Control Board, et al.

4

**SPECIAL SCHEDULING REVIEW REQUESTED PURSUANT TO LR 26-1(a)**

5                   Defendants.

6

7       Plaintiff Robinhood Derivatives, LLC ("Plaintiff"), Defendants Mike Dreitzer, George Assad,

8 Chandeni K. Sendall, Nevada Gaming Control Board, Jennifer Togliatti, Rosa Solis-Rainey, Brian

9 Krolicki, George Markantonis, Nevada Gaming Commission, and Aaron D. Ford (collectively,

10 "Nevada Defendants"), and Intervenor-Defendant Nevada Resort Association ("Intervenor-

11 Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel of

12 record, hereby submit this Amended Joint Discovery Plan and Scheduling Order pursuant to Fed. R.

13 Civ. P. 26(f).

14       The Parties conducted their discovery planning conference on December 18, 2025. The Parties

15 were not able to reach an agreement on a proposed discovery schedule at that time, and, as a result,

16 filed their Joint Discovery Plan & Scheduling Order Pursuant to Fed. R. Civ. P. 26(f)(3) and LR 26-1

17 [ECF No. 110] ("Initial Discovery Plan") on January 12, 2026. The Initial Discovery Plan indicated

18 that the Parties were unable to agree on a discovery schedule and included their differing positions

19 concerning discovery. As of the filing of this pleading, the Court has not entered any order or taken

20 any action with respect to the Initial Discovery Plan.

21       Thereafter, on January 14, 2026, the Court issued an Order Granting in Part Motion for Stay

22 ("Kalshi Order") filed in the related case of *KalsiEX, LLC v. Hendrick et al.*, Case No. 2:25-cv-00575-

23 APG-BNW ("Kalshi Case"), at ECF No. 263 therein. The Kalshi Order denied KalshiEX, LLC's

24 ("Kalshi") request to stay discovery pending the resolution of Kalshi's appeal of the Court's order

dissolving Kalshi's preliminary injunction.  However, through the Kalshi Order, the Court also vacated the dispositive motion and proposed joint pretrial order deadlines, with such deadlines to be reset by the Court after Kalshi's appeal is finally resolved and the mandate has issued.

The Parties have conferred concerning the Kalshi Order and have agreed to the following amended discovery plan, which tracks the key rulings in the Kalshi Order.  For clarity, the parties intend that this amended discovery plan supersedes and replaces the Initial Discovery Plan.

1. **Pending Discovery Requests:** None.

2. **Discovery Subjects and Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused on Certain Issues (Fed. R. Civ. P. 26(f)(3)(B)):**

The Parties do not believe that phased discovery or the bifurcation of discovery is necessary.

Although Robinhood does not believe that discovery is necessary for purposes of resolving its purely legal claim, Robinhood agrees to proceed with discovery on all claims and defenses in this action, including but not limited to:

    a. The purported harms Defendants allege they are suffering as a result of Robinhood's conduct;

    b. The purported harms Defendants allege the public is suffering as a result of Robinhood's conduct;

    c. Defendants' own communications, including but not limited to emails and text messages, concerning event contracts;

    d. Defendants' communications with the Commodity Futures Trading Commission ("CFTC") or other federal or state agencies or entities regarding the offering of sports-related event contracts;

    e. Defendants' communications with Nevada Gaming licensees and potential licensees regarding the offering of event contracts; and

f.   The financial consequences associated with the outcomes of sporting events.

Defendants submit that discovery should be allowed on all claims and defenses in this action, including but not limited to:

    a.   Plaintiff's event contracts;

    b.   Plaintiff's market and liquidity, including whether Plaintiff participates as a market maker or has contractual or financial arrangements with affiliates to participate in the event contracts offered to customers;

    c.   Plaintiff's disclosures to customers;

    d.   Plaintiff's statements regarding the nature of its products and event contracts, including but not limited to, statements to investors, business partners, contractors, service providers, and similarly situated persons or entities;

    e.   Plaintiff's communications with the CFTC and other federal agencies or entities;

    f.   Plaintiff's marketing and advertising;

    g.   Plaintiff's customer protection efforts, know-your-customer efforts, and technological and financial safeguards;

    h.   Plaintiff's own communications and beliefs about the structure and legality of their event contracts; and

    i.   Plaintiff's ability to comply with Nevada gaming regulations.

**3.  Proposed Timing and Sequence of Discovery:**

The Parties submit that the following discovery deadlines should be entered:

    a.   **Initial Disclosures:** February 2, 2026.

    b.   **Discovery Cut-Off:** July 17, 2026.

    c.   **Amend Pleadings or Add Parties:** April 17, 2026.

    d.   **Expert Disclosures:** May 18, 2026.

  **e. Expert Rebuttal Disclosures:** June 17, 2026.

  **f. Dispositive Motions:** Deadline to be set by the Court, after Plaintiff's appeal of the Court's denial of its requested preliminary injunction [ECF No. 99] is finally resolved and the mandate has issued.

  **g. Pretrial Order:** Deadline to be set by the Court, after Plaintiff's appeal of the Court's denial of its requested preliminary injunction [ECF No. 99] is finally resolved and the mandate has issued.

**4. Pretrial Disclosures:**

The disclosures required by FRCP 26(a)(3) and any objection thereto shall be included in the Pretrial Order. No changes are necessary in the form or requirement for disclosures under Fed. R. Civ. P. 26(a)(3).

**5. Extensions or Modifications of the Discovery Plan and Scheduling Order:**

LR 26-3 governs modifications or extensions of any discovery plan and scheduling order. Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline and comply fully with LR 26-3. Any request made within twenty-one days before the expiration will be supported by a showing of good cause pursuant to LR 26-3.

**6. Electronic Information:**

The Parties anticipate entering into an ESI Protocol and Stipulated Protective Order to govern the retention and production of electronic data.

**7. Electronic Evidence:**

The Parties agree to meet and confer to address any disagreements about the form of evidence presented and will comply with the District's Local Rules on electronic evidence.

//

//

**8.    Privileged or Protected Documents:**

The Parties believe a confidentiality stipulation will be necessary to protect their confidential and/or proprietary information.  The Parties will work to reach an agreed Stipulated Protective Order to address the protection of confidential, proprietary, and private information.

**9.    Alternative Dispute Resolution:**

The Parties hereby certify pursuant to LR 26-1(b)(7) that they met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and, if applicable, early neutral evaluation (collectively, "ADR").  The Parties do not believe that ADR is a viable option at this time.

**10. Alternative Forms of Case Disposition:**

The Parties have considered consent to trial by a magistrate judge under U.S.C. 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013- 01), as required by LR 26-1(b)(8), and do not consent to those alternative forms of case disposition at this time.

[Signature page follows.]

1  DATED January 29, 2026.

2  **ANDERSEN BEEDE WEISENMILLER**

3  By: */s/ Ryan A. Andersen*
   Ryan A. Andersen, Esq.
4  Nevada Bar No. 12321
   Mark M. Weisenmiller, Esq.
5  Nevada Bar No. 12128
   3199 E Warm Springs Rd., Ste 400
6  Las Vegas, Nevada 89120

7  **AARON D. FORD**
   Attorney General
8  Jessica E. Whelan (Bar No. 14781)
   Sabrena K. Clinton (Bar No. 6499)
9  State of Nevada, Office of the Attorney General
   1 State of Nevada Way, Suite 100
10 Las Vegas, NV 89119

11 *Attorneys for Nevada Defendants*

**CRAVATH SWAINE & MOORE LLP**

By: */s/ Kevin J. Orsini*
Kevin J. Orsini, Esq. (pro hac vice)
Antony L. Ryan, Esq. (pro hac vice)
Brittany L. Sukiennik, Esq. (pro hac vice)
375 Ninth Avenue
New York, New York 10001

**PISANELLI BICE PLLC**
Todd L. Bice, Esq., #4534
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

**MCDONALD CARANO LLP**

By: */s/ Adam Hosmer-Henner*
Adam Hosmer-Henner (NSBN 12779)
A.G. Burnett (NSBN 5895)
Jane Susskind (NSBN 15099)
Katrina Weil (NSBN 16152)
Thaddeus C. Houston (NSBN 17215)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

Dated: _____

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on January 29, 2026, the foregoing was electronically filed with the Clerk

3 of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

4                                                                      */s/ Melissa Rodriguez*
                                                                    An employee of Andersen Beede Weisenmiller
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24