**ANDERSEN BEEDE WEISENMILLER**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@abwfirm.com*
Mark M. Weisenmiller, Esq.
Nevada Bar No. 12128
Email: *mark@abwfirm.com*
3199 E Warm Springs Rd., Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax: 702-825-2824

AARON D. FORD
   Attorney General
Jessica E. Whelan (Bar No. 14781)
   Chief Deputy Solicitor General-Litigation
Sabrena K. Clinton (Bar No. 6499)
   Senior Deputy Attorney General
State of Nevada,
   Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3773 (fax)
jwhelan@ag.nv.gov
sclinton@ag.nv.gov

*Attorneys for Nevada Defendants*

Todd L. Bice, Esq., Bar No. 4534
tlb@pisanellibice.com
**PISANELLI BICE PLLC**
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: (702) 214-2100
Facsimile: (702) 214-2101

Kevin J. Orsini (*pro hac vice*)
korsini@cravath.com
Antony L. Ryan (*pro hac vice*)
aryan@cravath.com
Brittany L. Sukiennik (*pro hac vice*)
bsukiennik@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff*

Adam Hosmer-Henner (NSBN 12779)
A.G. Burnett (NSBN 5895)
Jane Susskind (NSBN 15099)
Katrina Weil (NSBN 16152)

**MCDONALD CARANO LLP**
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
ahosmerhenner@mcdonaldcarano.com
agburnett@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com
kweil@mcdonaldcarano.com

*Attorneys for Intervenor-Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBINHOOD DERIVATIVES, LLC, | Case No. 2:25-cv-01541-APG-DJA |
| Plaintiff, | |

1

|  |  |
|---|---|
| vs.<br><br>MIKE DREITZER, in his official capacity as Chairman of the Nevada Gaming Control Board, et al.<br><br>Defendants. | **JOINT STIPULATION AND [~~PROPOSED~~] ORDER TO EXTEND DEADLINES IN COURT'S SCHEDULING ORDER**<br><br>**(SECOND REQUEST)[1]** |

Plaintiff Robinhood Derivatives, LLC ("Plaintiff"); Defendants Mike Dreitzer, George Assad, Chandeni K. Sendall, Nevada Gaming Control Board, Jennifer Togliatti, Rosa Solis-Rainey, Brian Krolicki, George Markantonis, Nevada Gaming Commission, and Aaron D. Ford (collectively, "Nevada Defendants"); and Intervenor-Defendant Nevada Resort Association ("Intervenor-Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel of record, hereby stipulate and request, pursuant to Federal Rules of Civil Procedure 29 and 16(b) and Local Rule ("LR") 26-3, that the Court extend the deadlines in the Discovery Plan and Scheduling Order adopted February 2, 2026, ECF No. 113.  The Parties expressly clarify that they are not seeking a stay of discovery, but rather they are seeking to extend the discovery deadlines and bifurcate fact and expert discovery. In support thereof, the Parties state as follows:

1.      On August 19, 2025, Robinhood filed a complaint, seeking a permanent injunction and declaratory relief to enjoin state enforcement of Nevada gaming law by the Nevada Defendants, on the basis that the Commodity Exchange Act preempts Nevada gaming laws with respect to "swaps" and "excluded commodities" traded on Commodity Futures Trading Commission ("CFTC")-designated contract markets ("DCMs").  ECF No. 1 (the "Complaint").

2.      On August 19, 2025, Robinhood also filed a motion for a temporary restraining order and preliminary injunction.  ECF No. 7 (the "Motion").

---

[1] The Parties' first request was denied without prejudice.  ECF Nos. 115-116.

3.     On September 23, 2025, the Nevada Defendants filed their response to the Motion.  ECF No. 25.

4.     On October 14, 2025, Robinhood filed its reply in support of the Motion.  ECF No. 47.

5.     On October 21, 2025, Robinhood filed its corrected reply in support of the Motion.  ECF No. 59.

6.     On October 31, 2025, the Nevada Defendants filed their surreply to Robinhood's corrected reply in support of the Motion.  ECF No. 71.

7.     On November 14, 2025, the Court held a hearing on Robinhood's Motion.  ECF No. 80.

8.     On November 19, 2025, the Nevada Defendants filed their answer to the Complaint.  ECF No. 86.

9.     On November 25, 2025, the Court denied Robinhood's Motion.  ECF No. 90 (the "Order").

10.     On November 26, 2025, the Nevada Defendants and Robinhood filed a Joint Notice of Agreement Concerning Enforcement Pending Appeal, ECF No. 91 ("Enforcement Agreement"), which provided, among other terms, that Robinhood "agrees to cease offering new sports-related event contracts in Nevada beginning on December 1, 2025, and until the first to occur:  a. The United States District Court, District of Nevada ("District Court"), grants Plaintiff an injunction pending appeal staying such Enforcement Actions (whereby "injunction pending appeal" also includes a temporary injunction until the Ninth Circuit has the opportunity to rule on an injunction pending appeal); b. The United States Court of Appeals for the Ninth Circuit ("Appeals Court") grants Plaintiff an injunction pending appeal staying such Enforcement Actions; or c. Final resolution of Plaintiff's appeal of the Order of Denial, either by the Ninth Circuit or, if certiorari is sought, by denial of certiorari or a decision by the Supreme Court of the United States."  The Enforcement Agreement also provides:  "During the time that Plaintiff is not offering new sports-related event contracts in Nevada, as discussed above,

3

Plaintiff further agrees to take reasonable action to explore unwinding longer-duration open sports-related event contracts in Nevada, and will cooperate with Defendants regarding the same.  In the event that the District Court and the Appeals Court deny an injunction pending appeal, Plaintiff will work with Defendants to unwind all open sports-related event contracts involving Nevada customers.”

11.    The Enforcement Agreement also provides:  “During the time that Plaintiff is not offering new sports-related event contracts in Nevada, as discussed above, or should either the District Court or the Appeals Court grant Plaintiff an injunction pending appeal staying such Enforcement Actions, and further provided that Plaintiff complies and continues to comply with the agreements contained herein, Defendants will forbear from bringing any Enforcement Actions against Plaintiff for sports-related event contracts offered prior to December 1, 2025, or during the pendency of any of the injunctions described” above.

12.    On November 26, 2025, Robinhood filed with the Court its motion for an injunction pending its appeal of the Order.  ECF No. 92 (“Injunction Pending Appeal Motion”).

13.    On December 8, 2025, the Nevada Defendants filed their response to Robinhood’s Injunction Pending Appeal Motion.  ECF No. 95.

14.    On December 12, 2025, Robinhood filed its reply in support of its Injunction Pending Appeal Motion.  ECF No. 100.

15.    On December 12, 2025, Robinhood filed a notice of appeal of the Order, ECF No. 99, commencing the appeal entitled *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831 (9th Cir.) (the “Appeal”), before the United States Court of Appeals for the Ninth Circuit (the “Ninth Circuit”).

16.    On December 16, 2025, the Court denied Robinhood’s Injunction Pending Appeal Motion.  ECF No. 102.

17.    On December 18, 2025, the Parties held their Rule 26(f) conference telephonically.

18.    On December 24, 2025, Robinhood filed with the Ninth Circuit its motion for an injunction pending the Appeal.  ECF No. 10.1 in Appeal ("Ninth Circuit Injunction Motion").

19.    On December 30, 2025, the Nevada Defendants filed with the Ninth Circuit their request for a priority hearing date in the Appeal.  ECF No. 12.1 in Appeal.

20.    On January 5, 2026, the Nevada Defendants filed their response to Robinhood's Ninth Circuit Injunction Motion.  ECF No. 13.1 in Appeal.

21.    On January 5, 2026, the Intervenor-Defendant filed its response to Robinhood's Ninth Circuit Injunction Motion.  ECF No. 14.1 in Appeal.

22.    On January 9, 2026, Robinhood filed its opening brief in the Appeal.  ECF No. 15.1 in Appeal.

23.    On January 12, 2026, the Parties filed with this Court a proposed discovery plan and scheduling order.  ECF No. 110.

24.    On January 12, 2026, Robinhood filed with the Ninth Circuit its Reply in Support of its Ninth Circuit Injunction Motion.  ECF No. 18.1 in Appeal.

25.    On January 26, 2026, the Nevada Defendants filed their motion to consolidate the Appeal for purposes of oral argument with *KalshiEX LLC v. Hendrick et al.*, No. 25-7516 ("Kalshi Appeal") and *North American Derivatives Exchange, Inc. v. Nevada et al.*, No. 25-7187 ("Crypto.com Appeal") (collectively, the "Appeals") because they are three pending appeals that were all before the same district court judge and all raise substantially similar legal issues (*i.e.*, whether the appellant is likely to succeed on the merits or has raised serious questions and whether the balance of equities supports preliminary injunctive relief).[2]  ECF No. 20.1 in Appeal.

---

[2] The Kalshi Appeal is an appeal from *KalshiEX LLC v. Hendrick et al.*, 25-cv-00575 (D. Nev.) (the "Kalshi Action"), and the Crypto.com Appeal is an appeal from *N. Am. Derivatives Exch., Inc. (d/b/a Crypto.com) v. State of Nevada, et al.*, 25-cv-00978 (D. Nev.) (the "Crypto.com Action").

26.     On January 27, 2026, the Ninth Circuit referred the Ninth Circuit Injunction Motion to the Ninth Circuit panel assigned to decide the merits of the Appeal.  ECF No. 22.1 in Appeal.

27.     On January 29, 2026, the Parties filed with this Court an amended joint discovery plan & proposed scheduling order, ECF No. 112, which this Court adopted on February 2, 2026, ECF No. 113 (the "Scheduling Order").

28.     Pursuant to the Scheduling Order, the Parties exchanged initial disclosures on February 2, 2026.

29.     On February 6, 2026, the Nevada Defendants filed their answering brief in the Appeal. ECF No. 25.1 in Appeal.

30.     On February 6, 2026, the Intervenor-Defendant filed its answering brief in the Appeal. ECF No. 27.1 in Appeal.

31.     On February 26, 2026, the Ninth Circuit granted the motion to consolidate the Appeals for purposes of oral argument.  ECF No. 45.1 in Appeal.

32.     On February 27, 2026, Robinhood filed its reply brief in the Appeal.  ECF No. 58.1 in Appeal.

33.     On April 16, 2026, the Ninth Circuit held a consolidated oral argument in the Appeals, and the Appeals were submitted for decision by the Ninth Circuit.  ECF No. 136 in Appeal.  As of the date of the filing of this stipulation, the Appeals remain under submission.

34.     On April 27, 2026, the Parties filed with this Court a joint stipulation for extension of the discovery deadlines.  ECF No. 115 (the "First Stipulation").

35.     On April 29, 2026, the Court denied approval of the First Stipulation without prejudice. ECF No. 116.

36.     On May 1, 2026, the Nevada Defendants served upon Robinhood their first set of document requests, interrogatory requests, and requested admissions.

37. On May 5, 2026, the Nevada Defendants served upon the Parties a draft proposed stipulated protective order and Electronically Stored Information ("ESI") protocol for consideration.

38. Robinhood continues to believe that discovery is not necessary for purposes of resolving its claim. The Nevada Defendants and Intervenor-Defendant maintain that discovery is necessary. The Parties agree that the Appeals may shape discovery in this case.

39. Under the current Scheduling Order, initial expert disclosures are due May 18, 2026, and expert rebuttal disclosures are due June 17, 2026. The discovery cut-off is July 17, 2026. The deadline for dispositive motions and the pretrial order are to be set by the Court after Robinhood's Appeal of the Court's Order is finally resolved and the mandate has issued. ECF No. 113.

40. The Parties have stipulated to extend the time for the Parties to complete discovery. The Parties have also stipulated to bifurcate fact and expert discovery. This is the second request by the Parties to modify discovery deadlines in this case. The Parties' First Stipulation was denied without prejudice. ECF Nos. 115, 116. The schedule below would align with the stipulated schedule in the Kalshi Action, which is also assigned to Judge Gordon. Kalshi Action ECF No. 302.

41. The Parties here have agreed to extend the current discovery deadlines as follows:

   a. Close of Fact Discovery: October 30, 2026.

   b. Expert Disclosures: November 20, 2026.

   c. Expert Rebuttal Disclosures: December 18, 2026.

   d. Close of Expert Discovery: January 22, 2027.

   e. Dispositive Motions: Deadline to be set by the Court, after Plaintiff's appeal of the Court's denial of its requested preliminary injunction, ECF No. 99, is finally resolved and the mandate has issued.

f.  Pretrial Order:  Deadline to be set by the Court, after Plaintiff's appeal of the Court's denial of its requested preliminary injunction, ECF No. 99, is finally resolved and the mandate has issued.

42.  The Parties therefore respectfully request that the Court extend the current deadlines as set forth in Paragraph 41, *supra*.

43.  The Parties satisfy the good-cause standard under Fed. R. Civ. P. 16(b) to modify the Scheduling Order.

44.  First, good cause exists to extend the discovery deadlines of the Scheduling Order as requested herein because the Parties have had to devote their attention and time to the prosecution of the Motion, the Injunction Pending Appeal Motion, the Ninth Circuit Injunction Motion, and the briefing and argument in the consolidated Appeals.

45.  Second, good cause exists to bifurcate fact and expert discovery as requested herein because a bifurcated structure that allows fact discovery to close before expert disclosures are exchanged would promote efficiency and fairness by allowing the Parties' expert witnesses to disclose opinions based on a defined factual universe.  By contrast, simultaneous fact and expert discovery may result in expert disclosures based on incomplete or limited information.  Closing fact discovery before the exchange of expert disclosures would conserve the Parties' time and resources by preventing disputes over outstanding fact discovery from arising during the expert discovery period, thus avoiding the need for experts to revise their analyses to account for newly produced documents or newly disclosed facts.  Both the Crypto.com Action and the Kalshi Action have similarly stipulated to a bifurcated fact-expert discovery schedule for good cause.  The Parties respectfully submit that this structure conserves party resources and promotes efficiency.

46.  Third, good cause exists to modify the discovery deadlines as set forth herein because all Parties agree that they will not be prejudiced if this Court adopts their stipulated schedule.

47.    The Parties satisfy LR 26-3's requirements to modify the Scheduling Order.

48.    The discovery completed includes the exchange of initial disclosures and the first set of written discovery served by the Nevada Defendants on Robinhood.  *See* LR 26-3(a) (requiring "[a] statement specifying the discovery completed").

49.    The discovery that remains to be completed includes further written discovery, expert discovery, depositions, and third-party subpoenas.  *See* LR 26-3(b) (requiring "[a] specific description of the discovery that remains to be completed").

50.    While the Parties have diligently pursued discovery, it has not been completed because the Parties have devoted significant attention to motion and appellate practice in this action. Defendants have also devoted significant attention to motion and appellate practice in the Kalshi Action and Crypto.com Action.  *See* LR 26-3(c) (requiring the reasons why discovery has not been completed). This substantive motion and appellate practice, thoroughly detailed *supra* for this action and its Appeal, left the Parties with limited time to actively pursue discovery in this case.  The Parties additionally have attempted to minimize disputes that would require the Court's attention by monitoring the decisions of Judge Gordon and of the Appeals Court rather than relitigating similar issues in this action.

51.    The Parties provide this Court with a proposed schedule for the remaining discovery in Paragraph 41, *supra*.  *See* LR 26-3(d) (requiring "a proposed schedule for completing all remaining discovery").

…

…

…

…

…

…

9

52.     The Parties therefore respectfully request that this Court grant their stipulation to modify the Scheduling Order and adopt the stipulated schedule set forth in Paragraph 41, *supra*

DATED May 13, 2026.

**ANDERSEN BEEDE WEISENMILLER**

By: */s/ Mark M. Weisenmiller*
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Mark M. Weisenmiller, Esq.
Nevada Bar No. 12128
3199 E Warm Springs Rd., Ste 400
Las Vegas, Nevada 89120

**AARON D. FORD**
Attorney General
Jessica E. Whelan (Bar No. 14781)
Sabrena K. Clinton (Bar No. 6499)
State of Nevada, Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119

*Attorneys for Nevada Defendants*

**CRAVATH SWAINE & MOORE LLP**

By: */s/ Kevin J. Orsini*
Kevin J. Orsini, Esq. (*pro hac vice*)
Antony L. Ryan, Esq. (*pro hac vice*)
Brittany L. Sukiennik, Esq. (*pro hac vice*)
375 Ninth Avenue
New York, New York 10001

**PISANELLI BICE PLLC**
Todd L. Bice, Esq., #4534
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

**MCDONALD CARANO LLP**

By: */s/ Adam Hosmer-Henner*
Adam Hosmer-Henner (NSBN 12779)
A.G. Burnett (NSBN 5895)
Jane Susskind (NSBN 15099)
Katrina Weil (NSBN 16152)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

*Attorneys for Intervenor-Defendant*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

Dated: _____5/14/2026_____